IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN ENG, | No. 11-3173 MMC |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| JAMES DIMON, et al., | |
| Defendants. / | |

Before the Court is the motion, filed April 2, 2012, by defendants JPMorgan Chase Bank, N.A. ("JPMorgan"), James Dimon, David B. Lowman, Frank Bisignano, and Kevin Cook (collectively,"Individual JPMorgan Defendants"), to dismiss plaintiff Martin Eng's ("Eng") First Amended Complaint ("FAC"). Also before the Court is the motion, filed April 5, 2012, by defendants Quality Loan Service Corporation ("Quality Loan"), Victoria Logan, Kevin R. McCarthy and Dave Owen (collectively, "Individual Quality Loan Defendants"), to dismiss the FAC. Eng has filed separate oppositions thereto, to which JPMorgan and Quality Loan have separately replied. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for decision thereon and rules as follows.[1]

**A.   JPMorgan's Motion to Dismiss**

   **1.   First Cause of Action**

The First Cause of Action, titled "Violations of the Federal Truth In Lending Act

---

[1] By order filed May 9, 2012, the hearing dates on the motions were vacated.

["TILA"]" and by which Eng seeks an award of damages, is subject to dismissal under TILA's one-year statute of limitations for damages claims. See 15 U.S.C. § 1640(e) ("Any action under [TILA] may be brought in any United States district court . . . within one year from the date of the occurrence of the violation . . . ."). Here, all but one of the alleged TILA violations occurred at the time of the origination of the loan in July 2005. (See FAC ¶¶ 18, 47-65). Eng's original complaint was filed June 27, 2011, almost five years after the expiration of said limitations period. The one violation alleged to have occurred after the origination of the loan is a failure to comply with the notice requirements of 15 U.S.C. § 1641, specifically, a failure to notify Eng of JPMorgan's acquisition of the loan, in September 2008, another event occurring more than one year before the filing of the original complaint. (See FAC ¶ 49.)[2]

Moreover, the subsection of the statute on which Eng relies, 15 U.S.C. § 1641(g), was not added to TILA until 2009 and does not apply retroactively to conduct occurring before its effective date. See Helping Families Save Their Homes Act, Pub. L. No. 11-22, § 404, 123 Stat. 1632, 1658 (2009); see also Bradford v. HSBC Mortg. Corp., No. 1:09cv1226, 2011 WL 6148486, at *8 (E.D. Va. Dec. 8, 2011) (holding "[n]othing in TILA indicates that [§ 1641(g)] should be applied retroactively, and retroactive application of the provision . . . would undoubtedly and impermissibly 'attach[ ] new legal consequences to events completed before its enactment.'") (quoting Landgraf v. USI Film Prods., 511 U.S. 244, 269-70 (1994)).

Further, the First Cause of Action is subject to dismissal under the Purchase and Assumption Agreement ("P&A Agreement"), by which JPMorgan acquired the subject

---

[2] JPMorgan argues the First Cause of Action is also subject to dismissal because, according to JPMorgan, an order in an earlier-filed federal action, Case No. C 09-2673, holding Eng's TILA claim as alleged therein was barred by the statute of limitations, has a preclusive effect here. See Kamilche Co. v. United States, 53 F.3d 1059, 1062 (9th Cir. 1995) (holding "[c]ollateral estoppel, or issue preclusion, bars the litigation of issues actually adjudicated in previous litigation between the same parties") (internal quotation and citation omitted). JPMorgan has failed to show, however, that the TILA claim at issue in that case is identical to the TILA claim here, and, consequently, that the issue of timeliness is identical. See id. (holding "[t]he party asserting collateral estoppel must first show that the estopped issue is identical to an issue litigated in a previous action").

2

mortgage from the Federal Deposit Insurance Corporation ("FDIC") as receiver for Washington Mutual Bank ("WaMu").  (See Doc. No. 29, Request for Judicial Notice Ex. 10 (P&A Agreement).)[3]  Under the P&A Agreement, JPMorgan did not assume liability for any borrower claims "related in any way to any loan or commitment to lend made by the Failed Bank [WaMu] prior to failure," which, according to said agreement, occurred on September 25, 2008.  See id.; see also, e.g., Ansanelli v. JP Morgan Chase Bank, N.A., No. 10-03892 WHA, 2011 WL 1134451 (N.D. Cal. Mar. 28, 2011) (dismissing, under P&A Agreement, claims against JPMorgan based on acts allegedly taken by WaMu before September 25, 2008).

  **2. Second Cause of Action**

  The Second Cause of Action, titled "Violation of Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605," is subject to dismissal because Eng fails to allege any facts to show he suffered actual damages as a result of the violation alleged therein, specifically, defendants' alleged failure to timely respond to Eng's written request for information regarding his loan.  (See FAC ¶¶ 66-69);[4] Allen, 660 F. Supp. 2d at 1097 (dismissing RESPA claim where plaintiff's allegations of pecuniary loss were "conclusory" in nature).  In addition, as to statutory damages, Eng fails to plead facts showing a pattern of noncompliance with RESPA.  See 12 U.S.C. § 2605(f)(1)(B); Lal v. Am. Home Servicing, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) (noting "[t]o recover statutory damages,

---

  [3] JPMorgan's request that the Court take judicial notice of the P&A Agreement, which document is available on the website of the FDIC, is hereby GRANTED.  See Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) ("[A] court may take judicial notice of matters of public interest without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute.") (internal quotations and citations omitted); Allen v. United Fin. Mortg. Corp., 660 F. Supp. 2d 1089, 1093-94 (N.D. Cal. 2009) (taking judicial notice of P&A Agreement).

  [4] In his opposition, Eng asserts another violation of RESPA, namely, that JPMorgan "did not properly disclose the premium that was paid to the broker."  (See Opp. at 7:4-8.)  Such claim is not alleged in the FAC, let alone supported by any factual allegations set forth in the FAC, and, in any event, appears to be time-barred regardless of whether RESPA's one- or three-year statute of limitations applies.  See 12 U.S.C. § 2614 (providing three-year statute of limitations for claims brought under § 2605, and one-year statute of limitations for claims brought under §§ 2607 and 2608).

1  [p]laintiffs must plead some pattern or practice of noncompliance with RESPA").

### 3. Third Cause of Action

The Third Cause of Action, titled "Violation of Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692," is subject to dismissal because the FDCPA applies only to "debt collectors"; it does not apply to "creditors," which the statute defines as "any person . . . to whom a debt is owed." See 15 U.S.C. § 1692a(4); see also Brooks v. Citibank (South Dakota), N.A., 345 Fed. Appx. 260, 262 (9th Cir. 2009) (holding "[t]he text of the FDCPA as well as its legislative history make clear that Congress did not intend the Act to encompass creditors"). Because JPMorgan is alleged to have been collecting a debt owed to JPMorgan, Eng fails to state a claim under § 1692.

### 4. Fourth Cause of Action

The Fourth Cause of Action, titled "No Authority to Foreclose," is subject to dismissal because Quality Loan was a trustee of JPMorgan and, contrary to Eng's assertion, had authority to foreclose on JPMorgan's behalf. (See Doc. No. 29, Request for Judicial Notice Ex. 13 (substitution of Quality Loan as trustee)).[5] Eng alleges and argues Quality Loan lacked authority to foreclose because it did not have possession of the note secured by the deed of trust. (See FAC ¶¶ 76-85.) In California, possession of the note is not a prerequisite to foreclosure. See, e.g., Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) (noting "California law does not require possession of the note as a precondition to non-judicial foreclosure under a deed of trust") (internal quotation and citation omitted). Eng's further allegation, that securitization of the note divested JPMorgan of the right to foreclose (see FAC ¶¶ 86-111), likewise is unavailing. See, e.g., Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (noting "[t]he argument that parties lose their interest in a loan when it is

---

[5] JPMorgan's request that the Court take judicial notice of the substitution of Quality Loan as trustee, as recorded by the Assessor-Recorder for the City and County of San Francisco, is hereby GRANTED. See Intri-Plex Techs., Inc., 499 F.3d at 1052; Perez v. Am. Home Mortg. Servicing, Inc., No. 12-00932 WHA, 2012 WL 1413300, at *2 (N.D. Cal. April 23, 2012) (taking judicial notice of recorded substitution of trustee as a matter of public record not generally subject to dispute).

4

assigned to a trust pool has . . . been rejected by many district courts"); Matracia v. JP Morgan Chase Bank, NA, No. CIV. 2:11-190 WBS, 2011 WL 3319721 at *3 (E.D. Cal. Aug. 1, 2011) (noting "the theory that securitization of a loan somehow removes the lender's ability to foreclose . . . has been roundly rejected").

### 5. Individual Defendants: Additional Grounds for Dismissal

Lastly, Eng's claims against the Individual JPMorgan Defendants are subject to dismissal for the additional reason that Eng has pled no facts describing any action(s) taken by any such named individual. See Fed. R. Civ. P. 8(a)(2) (requiring "a short and plan statement of the claim showing that the pleader is entitled to relief"); Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (dismissing complaint where "all defendants [were] lumped together in a single, broad allegation"; noting plaintiffs "must allege the basis of [their] claim[s] against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)").[6]

## B. Quality Loan's Motion to Dismiss

### 1. First Cause of Action

The First Cause of Action, alleging violations of TILA, is, as discussed above, barred by the statute of limitations.

### 2. Second Cause of Action

The Second Cause of Action, alleging violations of RESPA, is subject to dismissal because RESPA does not apply to a trustee under a deed of trust unless the trustee also acted as a servicer of the loan, and Eng alleges no facts suggesting Quality Loan acted in such additional capacity. See 12 U.S.C. § 2605(e) (requiring "loan servicer" to respond to

---

[6] JPMorgan provides no authority to support its additional argument that the doctrine of respondeat superior shields the Individual JPMorgan Defendants from liability. The cases cited by JPMorgan stand for the proposition that, "[u]nder the doctrine of respondeat superior, an employer is vicariously liable for his employee's torts committed within the scope of employment," i.e., that an employer can be held liable for the tortious conduct of its employees. See, e.g., Perez v. Van Groningen & Sons, Inc., 41 C.3d 962, 967 (1986). There is nothing in those cases to suggest the employee cannot be held liable as well. Indeed, California law is to the contrary. See Cal. Civ. Code § 2343 (providing "[o]ne who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency . . . [w]hen his acts are wrongful in their nature").

borrower inquiries); id. 2605(i)(3) (defining "loan servicer" as person responsible for "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan"); Lopez v. GMAC Mortgage Corp., No. C 07-3911 CW, 2007 WL 3232448, at *3 (N.D. Cal. Nov. 1, 2007) (dismissing RESPA claim against trustee).

### 3. Third Cause of Action

The Third Cause of Action, alleging violations of the FDCPA, is subject to dismissal because Eng has not alleged facts showing Quality Loan qualifies as a "debt collector," i.e., that Quality Loan "regularly collects . . . debts owed . . . or due another." See 15 U.S.C. § 1692a(6). Further, although the Ninth Circuit Court of Appeals has not addressed the question of whether the act of foreclosing pursuant to a deed of trust can constitute "debt collection" under the FDCPA, a number of district courts in the Ninth Circuit have concluded it is not. See, e.g., Garfinkle v. JPMorgan Chase Bank, No. C 11-1636 CW, 2011 WL 3157157, at *3 (N.D. Cal. July 26, 2011) (collecting cases).

### 4. Fourth Cause of Action

The Fourth Cause of Action, alleging "No Authority to Foreclose," is subject to dismissal because Eng's allegation that Quality Loan needed to possess the note prior to foreclosure is, as discussed above, not a valid basis upon which to challenge the foreclosure. Further, the Fourth Cause of Action is subject to dismissal because Eng does not allege he tendered, or even that he has the ability to tender, the amount owing on the loan. See Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1109 (1996) (holding plaintiffs are "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure"); Bonner v. Select Portfolio Servicing, Inc., No. 10-00609 CW, 2010 WL 2925172 (N.D. Cal. July 26, 2010) ("Without pleading tender or the ability to offer tender, a plaintiff cannot seek to set aside a foreclosure sale.").

### 5. Additional Grounds for Dismissal

In addition to the above grounds for dismissal, the FAC is subject to dismissal for the following reasons:

(a) By alleging his claims against "defendants," and without alleging the particular action(s) taken by each such defendant (see, e.g., FAC ¶¶ 47-65, 66-69, 70-74, 84), the FAC fails to satisfy the notice requirement of Rule 8 of the Federal Rules of Civil Procedure. See Gauvin, 682 F. Supp. at 1071 (dismissing complaint where "all defendants [were] lumped together in a single, broad allegation"). Indeed, like his claims against the Individual JPMorgan Defendants, Eng's claims against the Individual Quality Loan Defendants are subject to dismissal because Eng has pled no facts describing any action(s) taken by any such named individual.

(b) Quality Loan, as a trustee, comes within the protection provided by California Civil Code § 2924(b), which provides as follows: "In performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information received in good faith from the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage." The FAC contains no factual allegations suggesting Quality Loan acted other than in such good faith reliance.[7]

(c) An agent is not liable for injury to a third party caused by the agent's failure to perform a duty owed solely to the principal. See Ruiz v. Herman Weissker, Inc., 130 Cal. App. 4th 52, 65 (2005). Quality Loan, as trustee, is the agent of JPMorgan, and the Individual Quality Loan Defendants, as employees of Quality Loan, are agents of Quality Loan. Nothing in Eng's claims against either Quality Loan or the Individual Quality Loan Defendants, as currently pleaded, suggests any of said defendants owed a duty to Eng as opposed to their respective principals.

**C.   Leave to Amend**

In both of his oppositions, Eng requests leave to amend. Although Eng does not indicate the nature of any such amendment, the Court will afford Eng an opportunity to cure, if he can do so, the deficiencies noted above.

---

[7] Plaintiff's contention that Quality Loan acted as a loan servicer, is not alleged in the FAC, let alone supported by any factual allegations therein.

**CONCLUSION**

For the reasons stated, the above-referenced motions to dismiss are, in each instance, hereby GRANTED. Eng's Second Amended Complaint, if any, shall be filed no later than June 29, 2012.

**IT IS SO ORDERED.**

Dated: June 6, 2012

MAXINE M. CHESNEY
United States District Judge