United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARTIN ENG,                                         No. 11-3173 MMC

           Plaintiff,                         **ORDER GRANTING DEFENDANTS'**
  v.                                                    **MOTIONS TO DISMISS**

JAMES DIMON, et al.,

           Defendants.
_____/

     Before the Court is the motion, filed July 12, 2012, by defendant Quality Loan

Service Corporation ("Quality Loan") to dismiss plaintiff Martin Eng's ("Eng") Second

Amended Complaint ("SAC").  Also before the Court is the motion, filed July 16, 2012, by

defendants JPMorgan Chase Bank, N.A. ("JPMorgan") and California Reconveyance

Company ("CRC") to dismiss the SAC.  No opposition has been filed to either motion.[1]

Having read and considered the papers filed in support of the motions, the Court rules as

follows.[2]

    **A.**    **First Cause of Action**

     The First Cause of Action, titled "Violations of Calif. Civil Code §2932.5," is subject to

---

    [1] Pursuant to the Civil Local Rules of this District, Eng's opposition to Quality Loan's
motion was due no later than July 29, 2012, and Eng's opposition to JPMorgan's motion
was due no later than August 2, 2012.  See Civil L.R. 7-3 (providing "[t]he opposition must
be filed and served not more than 14 days after the motion was filed"); Fed. R. Civ. P. 6(d)
(providing 3 additional days to file where service of motion is made by mail).

    [2] By order filed August 21, 2012, the Court deemed the matter appropriate for
decision on the moving papers and vacated the hearing scheduled for August 24, 2012.

1   dismissal because Section 2932.5 "applies only to mortgages that give a power of sale to

2   the creditor, not to deeds of trust which grant a power of sale to the trustee."  See Roque v.

3   Suntrust Mortgage, Inc., No. C09-00040 RMW, 2010 WL 546896 at *3 (N.D. Cal. Feb. 10,

4   2010).  Where, as here, the power of sale is contained in the Deed of Trust, the nonjudicial

5   foreclosure statutes, contained in California Civil Code §§ 2924, et seq., apply.  See id.

6        **B.      Second Cause of Action**

7        The Second Cause of Action, titled "No Evidence of a Loan (Standing)," is subject to

8   dismissal because, as set forth below, JPMorgan and Quality Loan had the right to initiate

9   foreclosure and did not need to produce the note executed by Eng in order to do so.

10       In the Second Cause of Action, Eng alleges defendants "cannot prove they ever

11  'loaned' anything of value" (see id. ¶ 70) because defendants have provided "neither the

12  original Note for examination, nor a certified copy" (see id. ¶ 71) and thus "[did] not have

13  standing" to foreclose (see id. ¶ 69).

14       JPMorgan has shown, however, that it purchased all of Washington Mutual's assets,

15  including the loan at issue here, pursuant to a Purchase and Assumption Agreement ("the

16  P&A Agreement").  (See JPMorgan's Request for Judicial Notice (hereinafter "RJN") Ex.

17  9.)[3]  JPMorgan, as Washington Mutual's successor in interest, and Quality Loan as trustee,

18  consequently had the right to initiate foreclosure after Eng defaulted on the loan (see id. Ex

19  7 (Deed of Trust), Ex. 11 (Notice of Default)[4] and, contrary to Eng's allegation, JPMorgan

20

21       [3] JPMorgan's request that the Court take judicial notice of the P&A Agreement,
22  which document is available on the website of the Federal Deposit Insurance Corporation,
    is hereby GRANTED.  See Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052
23  (9th Cir. 2007) ("[A] court may take judicial notice of matters of public interest without
    converting a motion to dismiss into a motion for summary judgment, as long as the facts
24  noticed are not subject to reasonable dispute.") (internal quotations and citations omitted);
    Allen v. United Fin. Mortg. Corp., 660 F. Supp. 2d 1089, 1093-94 (N.D. Cal. 2009) (taking
25  judicial notice of P&A Agreement).

26       [4] JPMorgan's request that the Court take judicial notice of the Deed of Trust (RJN
    Ex. 7), and the Notice of Default (RJN Ex. 11), both as recorded by the Assessor-Recorder
27  for the City and County of San Francisco, is hereby GRANTED.  See Intri-Plex Techs., Inc.,
    499 F.3d at 1052; Perez v. Am. Home Mortg. Servicing, Inc., No 12-00932 WHA, 2012 WL
28  1413300, at *2 (N.D. Cal. April 23, 2012) (taking judicial notice of recorded deed of trust
    and recorded notice of default as a matter of public record not generally subject to dispute).

1   and Quality Loan did not need to produce the note in order to do so.  See Cal. Civ. Code §§

2   2924, et. seq. (authorizing beneficiary of deed of trust, and trustee as beneficiary's agent,

3   to initiate foreclosure); Hafiz v. Greenpoint Mortg. Funding, Inc., 652 F. Supp. 2d 1039,

4   1043 (N.D. Cal. 2009) (holding "California law does not require possession of the note as a

5   precondition to non-judicial foreclosure under a deed of trust").

6       Lastly, Eng's reliance on the California Commercial Code (see SAC ¶¶ 33, 69) is

7   misplaced.  The Commercial Code does not apply to nonjudicial foreclosures under deeds

8   of trust.  See Segura v. Green Tree Servicing, LLC, No. 11-CV-634 AI SMS, 2011 WL

9   2462856 at *4 (E.D. Cal. June 17, 2011) (holding "reliance on the California Commercial

10  Code § 3301 et seq. is improper because, pursuant to California law, those sections do not

11  govern non-judicial foreclosures under deeds of trust").

12          **C.      Third Cause of Action**

13      The Third Cause of Action, titled "Wrongful Foreclosure," is subject to dismissal

14  because JPMorgan and Quality Loan had authority to initiate foreclosure and because Eng

15  has failed to allege tender.

16      As discussed above, JPMorgan obtained all rights under the deed of trust pursuant

17  to the P&A Agreement (see RJN Ex. 9), Eng defaulted on the loan (see id. Ex. 11), and

18  Quality Loan, as agent for JPMorgan, initiated foreclosure by recording a Notice of Default

19  (see id.).

20      Moreover, as in the First Amended Complaint ("FAC"), Eng has failed to allege

21  tender, a prerequisite to a claim for wrongful foreclosure.  "Under California law, the 'tender

22  rule' requires that as a precondition to challenging a foreclosure sale, or any cause of

23  action implicitly integrated to the sale, the borrower must make a valid and viable tender of

24  payment of the debt," see Montoya v. Countrywide Bank, No. 09-00641 JW, 2009 WL

25  1813973, at *11 (N.D. Cal. June 25, 2009) (collecting cases), or at least allege his ability to

26  do so, see Bonner v. Select Portfolio Servicing, Inc., No. 10-00609 CW, 2010 WL 2925172

27  (N.D. Cal. July 26, 2010); see also Dubin v. BAC Home Loans Servicing, No. C 10-05065

28  EDL, 2011 WL 794995, at *2 (N.D. Cal. Mar. 1, 2011) (noting "California district courts

1   apply the tender rule in examining wrongful foreclosure claims").

2      Here, Eng does not allege he has attempted to tender the loan amount or that he

3   has the ability to do so.

4      **D.   Fourth Cause of Action**

5      The Fourth Cause of Action, titled "Quiet Title," is subject to dismissal because

6   securitization of the loan did not divest JPMorgan of the right to foreclose and also because

7   Eng has failed to allege tender.

8      As discussed above, JPMorgan, under the P&A Agreement, acquired the right to

9   foreclose.  (See RJN Ex. 9.)  Further, even if, as Eng alleges, the loan was securitized,

10  such securitization would not have divested Washington Mutual, or JPMorgan as its

11  successor, of the right to foreclose.  See, e.g., Lane v. Vitek Real Estate Indus. Group, 713

12  F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (noting "[t]he argument that parties lose their

13  interest in a loan when it is assigned to a trust pool has . . . been rejected by many district

14  courts").[5]

15     Moreover, Eng's "Quiet Title" claim, like his "Wrongful Foreclosure" claim, fails

16  because he has not alleged tender.  "To maintain a quiet title claim, a plaintiff is required to

17  allege tender of the proceeds of the loan at the pleading stage . . . [or] plead an ability to

18  tender."  See Briosos v. Wells Fargo Bank, 737 F. Supp. 2d 1018, 1032 (N.D. Cal. 2010)

19  (internal quotation, citation and emphasis omitted).

20     Finally, a Cause of Action for Quiet Title is an improper means of challenging a

21  foreclosure where, as here, the foreclosure has already occurred.  See Lopez v. Chase

22  Home Fin., LLC, No. CV F 09-0449, 2009 WL 981676, at *7 (E.D. Cal. Apr. 9, 2009)

23  (holding "[i]f the foreclosure is successful, title will change, and the quiet title claim is an

24

_____

25     [5] In the SAC, Eng cites Javaheri v. JPMorgan Chase, No. CV10-8185 ODW, 2011
26  WL 2173786 (C.D. Cal. June 2, 2011), wherein the court denied a motion to dismiss in a
    case involving a securitized loan.  Eng's citation to Javaheri is unavailing.  In that case, the
27  plaintiff alleged Washington Mutual had transferred the loan to a separate entity prior to
    securitization, and thereafter executed the P&A Agreement, thus raising the issue of
28  whether Washington Mutual held the loan on the date its assets were transferred to
    JPMorgan.  See id. at *5.  No such allegation is contained in Eng's SAC.

1    improper means to challenge foreclosure").

2           **E.     Injunctive and Declaratory Relief**

3           Eng seeks injunctive and declaratory relief.  Injunctive relief is not available to Eng

4    because each of his individual causes of action, as discussed above, fails.  For the same

5    reason, Eng is not entitled to declaratory relief.

6           **F.     Quality Loan's Status as Trustee and Agent**

7           Eng's claims against Quality Loan are also subject to dismissal because Quality

8    Loan, as a trustee, comes within the protection provided by California Civil Code § 2924(b),

9    which provides as follows: "In performing acts required by this article, the trustee shall incur

10   no liability for any good faith error resulting from reliance on information received in good

11   faith from the beneficiary regarding the nature and the amount of the default under the

12   secured obligation, deed of trust, or mortgage."  The SAC, like the FAC, contains no factual

13   allegations suggesting Quality Loan acted other than in such good faith reliance.

14          Moreover, Quality Loan, as an agent of the beneficiary, is not liable to Eng for

15   injuries caused by any failure to perform a duty owed solely to JPMorgan.  See Ruiz v.

16   Herman Weissker, Inc., 130 Cal. App. 4th 52, 65 (2005) (holding California agency statute

17   "does not render an agent liable to third parties for the failure to perform duties owed to his

18   principal" (emphasis omitted)).  As in the FAC, nothing in the SAC Eng suggests Quality

19   Loan is liable for any action it took in its capacity as an agent.

20          **G.     Allegations as to CRC**

21          As discussed, Quality Loan was the trustee that initiated and conducted the

22   foreclosure.  (See RJN Ex. 11.)  Eng alleges CRC was the original trustee under the Deed

23   of Trust.  (See SAC ¶ 84.)  The SAC contains no factual allegations identifying any action

24   taken by CRC.  Absent any factual allegations explaining what CRC is alleged to have

25   done, all claims as to CRC are subject to dismissal.  Further, even if CRC had been alleged

26   to have been the trustee that initiated the foreclosure, any claims against CRC would suffer

27   from the same deficiencies identified above, and, consequently, likewise are subject to

28   dismissal.

1

**H.    Leave to Amend**

Eng has neither opposed defendants' motions to dismiss nor sought leave to amend. Although the absence of a request for such leave is not dispositive, the Court notes that Eng, at this point, has had three opportunities to state a claim, including an opportunity to cure the deficiencies described in detail in the Court's order dismissing the FAC, and there is no indication any further leave will result in a viable pleading.

Accordingly, the SAC will be dismissed without further leave to amend.

**CONCLUSION**

For the reasons stated, the above-referenced motions to dismiss are, in each instance, hereby GRANTED.

**IT IS SO ORDERED.**

Dated: August 24, 2012

_____
MAXINE M. CHESNEY
United States District Judge

6